UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA BLANKENSHIP, as Co-Personal Representative and a Legal Heir of the Estate of Alexander L. Mandarino, and LAMONT MANDARINO, as Co-Personal Representative and a legal her of the Estate of Alexander L. Mandarino,<br><br>Plaintiffs,<br><br>v.<br><br>TODD MCDEVITT, individually; ADAM DURFLINGER, individually; and SHOSHONE COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 2:14-CV-00281-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in the above entitled matter is Defendants' Motion to Dismiss and for a Judgment on the Pleadings. (Dkt. 23.) The matter has been fully briefed and is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to this case occurred on June 12, 2013 when Alex Mandarino was killed during an officer involved shooting. (Dkt. 1 at ¶ 1.1.) Plaintiffs are Mr. Mandarino's mother and father who are the personal representatives and legal heirs of Mr. Mandarino's estate. The Complaint states a claim under 42 U.S.C. § 1983 alleging the Defendants violated Mr. Mandarino's constitutional rights. (Dkt. 1.) Defendants filed Answers to the Complaint. (Dkt. 19, 20.) Thereafter, Defendants jointly filed the instant Motion to Dismiss and for a Judgment on the Pleadings which the Court now takes up. (Dkt. 23.)

## STANDARDS OF LAW

The Defendants' Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1) seeking dismissal for lack of subject matter jurisdiction and Rule 12(c) seeking a judgment on the pleadings. (Dkt. 23.)

**1.      Rule 12(b)(1) Standard**

A defendant's challenge to a plaintiff's standing under Rule 12(b)(1) draws into question the Court's subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) motion may be asserted either as a facial challenge to the complaint or a factual challenge. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 2**

In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *Id.*; *see also Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988) (When considering a "facial" attack made pursuant to Rule 12(b)(1), courts consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff.). When reviewing a facial challenge, the court is limited to the allegations in the complaint, the documents attached thereto, and judicially noticeable facts. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000).

Conversely, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court may review extrinsic evidence, and if the evidence is disputed, the Court may weigh the evidence and determine the facts to satisfy itself as to its power to hear the case. *See id.* "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ." *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of proving that the case is properly in federal court. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citation omitted).

**MEMORANDUM DECISION AND ORDER - 3**

**2.      Rule 12(c) Standard**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). The standard for a motion for judgment on the pleadings is that articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief.[1] When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

**MEMORANDUM DECISION AND ORDER - 4**

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citations omitted). A judgment on the pleadings may be granted only when it appears beyond doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil*, 132 F.3d at 529 (internal quotations and citations omitted).

When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). A judgment on the pleadings is appropriate when, taking all the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

## DISCUSSION

Defendants' seek dismissal and/or a judgment on the pleadings arguing the Plaintiffs lack standing to bring the § 1983 claim in this case because, in Idaho, such a claim does not survive the death of the claimant. (Dkt. 23, 26, 27.) Plaintiffs maintain they do have standing

**MEMORANDUM DECISION AND ORDER - 5**

to bring the § 1983 claim as Mr. Mandarino's surviving representatives and legal heirs. (Dkt. 24.)

"In § 1983 actions, ... the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Hayes v. County of San Diego*, 736 F.3d 1223, 1228-29 (9th Cir. 2013) (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)).

Idaho law provides that a plaintiff's § 1983 claim abates upon his or her death. *See Hoagland v. Ada County*, 303 P.3d 587, 595 (Idaho 2013); *Evans v. Twin Falls County*, 796 P.2d 87, 93 (Idaho 1990). Specifically, the *Evans* court ruled that the wrongful death action provided for in Idaho Code § 5–311 does not mandate the continuation of a § 1983 claim because a civil rights claim "is a personal cause of action, actionable only by persons whose civil rights have been violated." *Evans*, 796 P.2d at 216.[2] This would seem, and for Defendants it does, end the inquiry in this case.

---

[2]Idaho Code§ 5–311 provides that:

(1)When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, whether the wrongdoer dies before or after the death of the person injured.

**MEMORANDUM DECISION AND ORDER - 6**

Recent decisions in this District, however, have gone on to apply the three-step analysis found in § 1988 to determine if standing exists. *See Van Orden v. Caribou County*, No. 4:10-cv-385-BLW, 2011 WL 841438, at *2-4 (D. Idaho Mar. 4, 2011); *Van Orden v. Caribou County*, No. 4:10-cv-00385-BLW, 2014 WL 5178095 (D. Idaho Oct. 13, 2014); and *Cusack v. Idaho Dept. of Corrections*, No. 1:11-cv-00303-REB, 2012 WL 506008 (D. Idaho Feb. 15, 2012).[3] In doing so, those decisions as well as the parties in this case have recognized that it is the third step of the analysis that determines the outcome of this issue: "whether application of state law would conflict with the policies underlying the cause of action before the Court." *Van Orden*, 2011 WL 841438, at *2 (citing *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978)) (citation omitted).[4]

The purposes underlying § 1983 actions are "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014); *Robertson*, 436 U.S. at 591. The more recent decisions in this District have consistently concluded that Idaho's rule of abatement conflicts with § 1983's purposes and, therefore, survivors may bring a § 1983 claim where a constitutional violation results in death of the

---

[3] The three-step analysis considers: "(1) whether the issue before the court is addressed by federal law (here, the survivability of § 1983 actions is not addressed by a federal statute); (2) the law of the forum state, (Idaho has no survivor statute and claims abate on a decedent's death); and (3) whether the state law conflicts with the purposes of § 1983. Although other decisions from this district have examined just the first two stages." *Cusack*, 2012 WL 506008, at *7; *see also Van Orden*, 2011 WL 841438, at *2.

[4] This Court too has analyzed the first two steps of the § 1988 analysis and agrees with the reasoning of *Van Orden* and *Cusack* that it is the third step that is determinative here.

**MEMORANDUM DECISION AND ORDER - 7**

claimant. *See Van Orden, supra* and *Cusack, supra*.[5] This Court has reviewed these prior decisions and the cases underlying their reasoning. Having done so, this Court is in agreement with the discussion and analysis as stated in those rulings and this Court adopts and incorporates the same here. *Id.* For the reasons stated in those decisions, where, as here, the alleged constitutional violations caused death and the state law does not provide for a remedy to the survivors, the Plaintiffs in this case have standing to bring a § 1983 claim. Accordingly, the Defendants' Motion to dismiss and for a Judgment on the Pleadings is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss and for a Judgment on the Pleadings (Dkt. 23) is **DENIED**.

DATED: **August 19, 2015**

Honorable Edward J. Lodge
U. S. District Judge

---

[5] The Court notes that the decision in *Bach v. Idaho State Board of Medicine* arrived at the opposite result from the *Van Orden and Cusack* opinions. No. 4:10-cv-548-BLW, 2012 WL 175417, at *6 (D. Idaho Jan. 20, 2012). However, the second ruling in *Van Orden*, which was subsequently decided by the same judge who ruled in *Bach*, specifically states that the *Bach* case was "wrongly decided" and should not be followed in light of the more recent Ninth Circuit decision in *Chaudhry*. *Van Orden*, 2014 WL 5178095, at *4. This Court is in agreement with *Van Orden* on this point. Having reviewed the decisions in *Chaudhry* and *Hoagland*, this Court too finds the distinction between cases in which constitutional torts cause death and those that do not is "crucial." *Chaudhry*, 751 F.3d at 1104 ("What is clear is that, with respect to deterrence, the distinction between those violations of federal law that cause death and those that do not is crucial.")

**MEMORANDUM DECISION AND ORDER - 8**